Ex. C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RESOURCE HEALTH CARE INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. No.  4:24-cv-623 |
| UNITEDHEALTHCARE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## EXHIBIT C - INDEX OF STATE COURT DOCUMENTS

1.  Docket Sheet, C-1;

2.  Plaintiff Resource Health Care Inc.'s ("Plaintiff's) Verified Original Petition, filed 7/19/23, C-2;

3.  Plaintiff's Request for Citation, filed 9/7/23, C-3;

4.  Plaintiff's Verified First Amended Petition, filed 9/7/2023, C-4;

5.  Affidavit of Service of Citation, filed 9/28/23, C-5;

6.  Defendant UnitedHealth Group d/b/a United Healthcare's Special Appearance, filed 10/13/23, C-6;

7.  Plaintiff's Verified Second Amended Petition, filed 1/25/2024, C-7;

8.  Defendant UnitedHealthcare Insurance Company's Original Answer, filed 2/15/2024, C-8.

**EXHIBIT C - INDEX OF STATE COURT DOCUMENTS**

**HCDistrictclerk.com**     RESOURCE HEALTH CARE INC vs. UNITEDHEALTH     2/22/2024
GROUP D/B/A UNITED HEALTHCARE
Cause: 202345113      CDI: 7      Court: 215           **Ex C-1**

### DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 112801770 | Defendant's Original Answer | | 02/15/2024 | 3 |
| 112420717 | Plaintiff's Verified Second Amended Petition | | 01/25/2024 | 9 |
| 110785256 | United Health Group's Special Appearance | | 10/13/2023 | 7 |
| 110527011 | Affidavit of Process Server | | 09/28/2023 | 2 |
| 110164952 | Plaintiff's Verified First Amended Petition | | 09/08/2023 | 8 |
| 110135896 | Request for Citation | | 09/07/2023 | 3 |
| 109266760 | Plaintiffs Verified Original Petition | | 07/19/2023 | 8 |

7/19/2023 2:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77683378
By: Rhonda Momon
Filed: 7/19/2023 2:46 PM

**CAUSE NO. _____**                    **Ex C-2**

| | | |
|---|---|---|
| **RESOURCE HEALTH CARE INC.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITEDHEALTH GROUP** | § | **OF HARRIS COUNTY, TEXAS** |
| **d/b/a United Healthcare** | § | |
| | § | |
| **Defendants,** | § | **JUDICIAL DISTRICT** |

## PLAINTIFF'S VERIFIED ORIGINAL PETITION

COMES NOW, Resource Health Care Inc., Plaintiff herein ("Resource" or "Plaintiff") files its Verified Original Petition complaining of Defendant UnitedHealth Group, d/b/a United Healthcare (the "Defendant" or "United Healthcare") actions, and inactions and in support thereof respectfully shows the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure unless discovery procedures are otherwise modified by a Court order or agreement between the parties.

### II.

### PARTIES

2.      Plaintiff is a Texas Corporation with its principal place of business in Harris County, Texas, and is located at 6464 Savoy, Suite 210-A, Houston, TX 77036.

3.      Defendant United Healthcare is a Delaware corporation with its principal place of business in Minnetonka, Minnesota. Therefore, Defendant is a citizen of Minnesota for diversity

1

PLAINTIFF'S VERIFIED ORIGINAL PETITION

purposes. It may be served with process by serving the registered of Defendant at The

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE

19801, County of New Castle, and by mailing a copy to the Defendant at its principal place of

business.

### III.

### JURISDICTION AND VENUE

4.　　Pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(l) and (a)(2), this Court has

jurisdiction over all parties, and the proper venue is Harris County because a significant portion

of the events took place in Harris, County.

### IV.

### Claims for Relief

5.　　Plaintiff seeks monetary relief of $250,000 or less and non-monetary relief this

Court deems appropriate.

### V.

### Facts

6.　　Plaintiff is an in home support care agency providing services in the patients

home with the goal of enabling the patient to remain at home.

7.　　The services provided by Plaintiff may include personal care services such as

hands-on assistance with activities of daily living (ADLs), e.g., eating bathing, dressing, and

bladder and bowel requirements; homemaker services and instrumental activities of daily living

(IADLs), e.g., taking medications, shopping for groceries, laundry, housekeeping, and

companionship; and/or supervision or cuing so that a person can perform tasks themselves

2

PLAINTIFF'S VERIFIED ORIGINAL PETITION

8.      Plaintiff originally entered into an agreement with Defendant to provide PAS services to its beneficiaries.

9.      In 2020, Plaintiff voluntarily terminated its agreement with Defendant to provide Medicare services. Plaintiff wished to continue providing Medicaid services and informed Defendant that it was only terminating the Medicare agreement.

10.     Believing there was no issue with the Medicaid agreement between it and Defendant, between July 1, 2020 and November 30, 2020, Plaintiff submitted reimbursable claims to Defendant for Medicaid services. However, Plaintiff but was not paid for the services provided.

11.     After speaking with Defendant's agent, Plaintiff was informed the reason for the nonpayment was due to Plaintiff voluntarily terminating its Medicaid agreement. However, Plaintiff *only* terminated its Medicare agreement, not its Medicaid agreement.

12.     Plaintiff has attempted to resolve this matter outside of filing the lawsuit, but has been unable to do so.

**VI.**

**CAUSES OF ACTION**

**Count One:   Breach of Contract**

13.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

14.     Defendant has breached and continue to breach the agreements entered into with Plaintiff for the payment of medical services provided to patients of provider despite the services being provided.

15.     Defendants' conduct is the proximate cause of Plaintiffs losses.

3

PLAINTIFF'S VERIFIED ORIGINAL PETITION

16.     Plaintiff requests this Court require Defendant to pay Plaintiff for the costs of the outstanding services.

### Count Two:   Unjust Enrichment

17.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

18.     By failing to pay Plaintiff for the medical services provided to Defendant's beneficiaries, Defendant has been unjustly enriched. Under equitable remedies and quasicontractual recovery principles of unjust enrichment, Defendants owe Plaintiff damages.

19.     Defendants by their conduct, have been unjustly enriched.

### VII.

### DAMAGES

20.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

### General Damages:

21.     Plaintiff has been damaged as a result of Defendant's actions. Plaintiff has suffered damages that are directly and proximately related to the actions of Defendants that are no more than $250,000 pursuant to Tex. R. Civ. P. 47.

### Special Damages:     Lost Revenue, Lost Profits, Lost Value, Benefit of the Bargain

22.     Plaintiff has further suffered expectancy damages. Plaintiff has lost profit that could have been generated by activities had Defendant not breached its contract. Plaintiff has lost the difference in value the company would have been worth, had the contract been fulfilled. Plaintiff has further lost the benefit of the bargain it struck with Defendant. For these reasons, Plaintiff demands these expectancy damages.

4

PLAINTIFF'S VERIFIED ORIGINAL PETITION

## VII.

## ATTORNEY FEES

23.     Plaintiff seeks an award for reasonable and necessary attorneys' fees and court costs pursuant to applicable law in connection with this case, and any further relief, in law or equity, as the Court shall find to be equitable and just. Reasonable and necessary attorneys' fees may be awarded to Plaintiff under Tex. Civ. Prac. & Rem. Code §38.001 et seq., and any other grounds for attorneys' fees Plaintiff may have.

## X.

## CONDITIONS PRECEDENT

24.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XII.

## PRAYER

25.     For these reasons, Plaintiff asks that the Defendants be cited to appear to answer and, on the final trial, that Plaintiff be awarded judgment against defendants for the following

      a.   Actual damages & Expectancy Damages;

      b.   Prejudgment and post-judgment interest;

      c.   Attorneys' fees

      d.   Court Costs

      e.   Or all other relief to which Plaintiff is entitled.

      Respectfully submitted,

      **KENNEDY**
      Attorneys and Counselors at Law

5

PLAINTIFF'S VERIFIED ORIGINAL PETITION

*/s/ C. Trey Scott*
MARK S. KENNEDY
State Bar of Texas No. 24000122
LURESE A. TERRELL
State Bar of Texas No. 24008139
C. TREY SCOTT
State Bar of Texas No. 24083821
MADISON M. WHITE
State Bar of Texas No. 24126611
12222 Merit Drive, Suite 1750
Dallas, TX 75251
Telephone: (214) 445-0740
Fax: (972) 661-9320
trey@markkennedylaw.com

**ATTORNEYS FOR PLAINTIFF**

6

PLAINTIFF'S VERIFIED ORIGINAL PETITION

CAUSE NO. _____

| | | |
|---|---|---|
| RESROUCE HEALTH CARE INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITEDHEALTH GROU | § | OF HARRIS COUNTY, TEXAS |
| d/b/a United Healthcare | § | |
| | § | |
| Defendants, | § | JUDICIAL DISTRICT |

## VERIFICATION

"I, Matthew Mba, declare from my personal knowledge that the following facts are true:

1.      I, Matthew Mba am the Administrator of Resource Health Care, Inc.

2.      I have read the Verified First Amended Petition.

3.      The facts stated in that complaint are within my personal knowledge and are true and correct.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on June 26 , 2023."

Mba Matthews

7

PLAINTIFF'S VERIFIED ORIGINAL PETITION

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Borgsmiller on behalf of Calvin Scott
Bar No. 24083821
susan@markkennedylaw.com
Envelope ID: 77683378
Filing Code Description: Petition
Filing Description: Petition ($350.00)
Status as of 7/19/2023 2:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Calvin TreyScott | | trey@markkennedylaw.com | 7/19/2023 2:46:55 PM | SENT |
| Susan Borgsmiller | | susan@markkennedylaw.com | 7/19/2023 2:46:55 PM | SENT |
| Sheena Brewer | | sheena@markkennedylaw.com | 7/19/2023 2:46:55 PM | SENT |
| Mark Kennedy | | markskennedylaw@msn.com | 7/19/2023 2:46:55 PM | SENT |

CAUSE NO. 202345113

COPY OF PLEADING PROVIDED BY PLT

**Ex C-3**

RECEIPT No: 968338
TRACKING #: 74221266

Plaintiff: RESOURCE HEALTH CARE INC

vs.

Defendant: UNITEDHEALTH GROUP D/B/A UNITED
HEALTHCARE

In The 215th
Judicial District Court of
Harris County, Texas

Houston, Texas

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

**To:** **UNITEDHEALTH GROUP BY SERVING ITS REGISTERED AGENT THE CORPORATION**
**TRUST COMPANY OR WHEREVER THE REGISTERED AGENT MAY BE FOUND**
1209 ORANGE STREET
WILMINGTON DE 19801

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on 9/7/2023 12:00:00 AM, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on September 7, 2023, under my hand and seal of said court.

Issued at the request of:
C. Trey Scott
12222 MERIT DR SUITE 1750
DALLAS, TX 75251
214-445-0740

Bar Number: 24083821

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: CONNOR HARRISON

Tracking Number: 74221266

**CAUSE NUMBER: 202345113**

| | |
|---|---|
| **PLAINTIFF: RESOURCE HEALTH CARE INC** | **In the 215th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: UNITEDHEALTH GROUP D/B/A UNITED HEALTHCARE** | **Harris County, Texas** |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. On the _____ day of _____, 20_____.
Executed at

(Address)_____
_____ in _____ County at o'clock ___. M. On the _____ day of
_____, 20 _____, by

Delivering to _____defendant, in person, a true copy of this
Citation together with the accompanying _____ copy (ies) of the _____. Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____,
20__.

Fees $_____

_____          By_____
            Affiant                                                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that
this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___.

_____
            Notary Public

**CAUSE NO. 202345113**   <span style="color:red">Ex C-4</span>

| | | |
|---|---|---|
| **RESROUCE HEALTH CARE INC.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITEDHEALTH GROU** | § | **OF HARRIS COUNTY, TEXAS** |
| **d/b/a United Healthcare** | § | |
| | § | |
| **Defendants,** | § | **215th JUDICIAL DISTRICT** |

## PLAINTIFF'S VERIFIED FIRST AMENDED PETITION

COMES NOW, Resource Health Care Inc., Plaintiff herein ("Resource" or "Plaintiff")

files its Verified First Amended Petition complaining of Defendant UnitedHealth Group, d/b/a

United Healthcare (the "Defendant" or "United Healthcare") actions, and inactions and in

support thereof respectfully shows the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas

Rules of Civil Procedure unless discovery procedures are otherwise modified by a Court order or

agreement between the parties.

### II.

### PARTIES

2.      Plaintiff is a Texas Corporation with its principal place of business in Harris

County, Texas, and is located at 6464 Savoy, Suite 210-A, Houston, TX 77036.

3.      Defendant United Healthcare is a Delaware corporation with its principal place of

business in Minnetonka, Minnesota. However, Defendant has been and continues to conduct

1

PLAINTIFF'S VERIFIED FIRST AMENDED PETITION

business in the State of Texas. Further, the actions in this lawsuit arise out of Defendant's

conduct in the State of Texas. As such, it may be served with process by serving the registered of

Defendant at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,

Wilmington, DE 19801, County of New Castle, and by mailing a copy to the Defendant at its

principal place of business.

### III.

### JURISDICTION AND VENUE

4.      Pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(l) and (a)(2), this Court has

jurisdiction over all parties, and the proper venue is Harris County because a significant portion

of the events took place in Harris, County.

### IV.

### Claims for Relief

5.      Plaintiff seeks monetary relief of $250,000 or less and non-monetary relief this

Court deems appropriate.

### V.

### Facts

6.      Plaintiff is an in home support care agency providing services in the patients

home with the goal of enabling the patient to remain at home.

7.      The services provided by Plaintiff may include personal care services such as

hands-on assistance with activities of daily living (ADLs), e.g., eating bathing, dressing, and

bladder and bowel requirements; homemaker services and instrumental activities of daily living

(IADLs), e.g., taking medications, shopping for groceries, laundry, housekeeping, and

companionship; and/or supervision or cuing so that a person can perform tasks themselves.

2

PLAINTIFF'S VERIFIED FIRST AMENDED PETITION

8.      Plaintiff originally entered into an agreement with Defendant to provide PAS services to its beneficiaries.

9.      In 2020, Plaintiff voluntarily terminated its agreement with Defendant to provide Medicare services. Plaintiff wished to continue providing Medicaid services and informed Defendant that it was only terminating the Medicare agreement.

10.     Believing there was no issue with the Medicaid agreement between it and Defendant, between July 1, 2020 and November 30, 2020, Plaintiff submitted reimbursable claims to Defendant for Medicaid services. However, Plaintiff but was not paid for the services provided.

11.     After speaking with Defendant's agent, Plaintiff was informed the reason for the nonpayment was due to Plaintiff voluntarily terminating its Medicaid agreement. However, Plaintiff *only* terminated its Medicare agreement, not its Medicaid agreement. As such, Plaintiff is entitled to payment on the Medicaid claims submitted for payment.

12.     Plaintiff has attempted to resolve this matter outside of filing the lawsuit, but has been unable to do so.

## VI.

## CAUSES OF ACTION

### Count One:    Breach of Contract

13.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

14.     Defendant has breached and continues to breach the agreements entered into with Plaintiff for the payment of personal care services provided to Defendant's beneficiaries despite the services being provided.

3

PLAINTIFF'S VERIFIED FIRST AMENDED PETITION

15.     Defendants' conduct is the proximate cause of Plaintiff's losses.

16.     Plaintiff requests this Court require Defendant to pay Plaintiff for the costs of the outstanding services.

### Count Two:   Unjust Enrichment

17.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

18.     By failing to pay Plaintiff for the medical services provided to Defendant's beneficiaries, Defendant has been unjustly enriched. Under equitable remedies and quasicontractual recovery principles of unjust enrichment, Defendants owe Plaintiff damages.

19.     Defendants by their conduct, have been unjustly enriched.

### VII.

### DAMAGES

20.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

### General Damages:

21.     Plaintiff has been damaged as a result of Defendant's actions. Plaintiff has suffered damages that are directly and proximately related to the actions of Defendants that are no more than $250,000 pursuant to Tex. R. Civ. P. 47.

### Special Damages:    Lost Revenue, Lost Profits, Lost Value, Benefit of the Bargain

22.     Plaintiff has further suffered expectancy damages. Plaintiff has lost profit that could have been generated by activities had Defendant not breached its contract. Plaintiff has lost the difference in value the company would have been worth, had the contract been fulfilled. Plaintiff has further lost the benefit of the bargain it struck with Defendant. For these reasons,

4

PLAINTIFF'S VERIFIED FIRST AMENDED PETITION

Plaintiff demands these expectancy damages.

## VII.

## **ATTORNEY FEES**

24.      Plaintiff seeks an award for reasonable and necessary attorneys' fees and court costs pursuant to applicable law in connection with this case, and any further relief, in law or equity, as the Court shall find to be equitable and just. Reasonable and necessary attorneys' fees may be awarded to Plaintiff under Tex. Civ. Prac. & Rem. Code §38.001 et seq., and any other grounds for attorneys' fees Plaintiff may have.

## X.

## **CONDITIONS PRECEDENT**

25.      All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XII.

## **PRAYER**

26.      For these reasons, Plaintiff asks that the Defendants be cited to appear to answer and, on the final trial, that Plaintiff be awarded judgment against defendants for the following

        a.   Actual damages & Expectancy Damages;

        b.   Prejudgment and post-judgment interest;

        c.   Attorneys' fees

        d.   Court Costs

        e.   Or all other relief to which Plaintiff is entitled.

5

Respectfully submitted,

**KENNEDY**
Attorneys and Counselors at Law

*/s/ C. Trey Scott*
MARK S. KENNEDY
State Bar of Texas No. 24000122
LURESE A. TERRELL
State Bar of Texas No. 24008139
C. TREY SCOTT
State Bar of Texas No. 24083821
MADISON M. WHITE
State Bar of Texas No. 24126611
12222 Merit Drive, Suite 1750
Dallas, TX 75251
Telephone: (214) 445-0740
Fax: (972) 661-9320
trey@markkennedylaw.com

**ATTORNEYS FOR PLAINTIFF**

6

CAUSE NO. _____

| | | |
|---|---|---|
| **RESROUCE HEALTH CARE INC.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITEDHEALTH GROU** | § | **OF HARRIS COUNTY, TEXAS** |
| **d/b/a United Healthcare** | § | |
| | § | |
| **Defendants,** | § | **JUDICIAL DISTRICT** |

## **VERIFICATION**

"I, Matthew Mba, declare from my personal knowledge that the following facts are true:

1.      I, Matthew Mba, am the Administrator of Resource Health Care, Inc.

2.      As Administrator, I have a thorough knowledge of the billing activities of Resource Health Care, Inc.

3.      Additionally, as Administrator, I have knowledge of the contracts and agreements entered into by Resource Health Care., Inc.

4.      I have read the Verified First Amended Petition.

5.      The facts stated in that complaint are within my personal knowledge and are true and correct.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on September  7  , 2023."


_Mba Matthew_

7

PLAINTIFF'S VERIFIED FIRST AMENDED PETITION

9/28/2023 4:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 80065625
By: Brenda Espinoza
Filed: 9/28/2023 4:34 PM

# AFFIDAVIT OF PROCESS SERVER

### In the 215th Judicial District Court of Harris County, Texas

**Resource Health Care Inc.**

       Plaintiff(s),

VS.

**UnitedHealth Group d/b/a United Healthcare**

       Defendant(s).

Attorney: C. Trey Scott

Kennedy Attorneys & Counselors at Law
12222 Merit Drive, Suite 1750
Dallas TX 75251

<span style="color:red">**Ex C-5**</span>

||| *303721* |||

**Case Number: 202345113**

Legal documents received by Same Day Process Service, Inc. on **09/20/2023** at **2:31 PM** to be served upon **UnitedHealth Group d/b/a United Healthcare, by serving The Corporation Trust Company at 1209 Orange St., Wilmington, DE 19801**

I, **Joseph Leotta, Jr**, swear and affirm that on **September 25, 2023** at **11:43 AM**, I did the following:

Served **UnitedHealth Group d/b/a United Healthcare, by serving The Corporation Trust Company** by delivering a conformed copy of the **Citation - Non Resident; Plaintiff's Verified First Amended Petition** to Chimere Brooks as **Intake Specialist & Authorized Agent** of UnitedHealth Group d/b/a United Healthcare, by serving The Corporation Trust Company at **1209 Orange St. , Wilmington, DE 19801**.

**Description of Person Accepting Service:**
Sex: Female Age: 42 Height: 5ft4in-5ft8in Weight: 161-200 lbs Skin Color: African-American Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Sworn to and subscribed before me on

September 26, 2023

X _____
Notary Public

_Joseph Leotta_

**Joseph Leotta, Jr**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
**info@samedayprocess.com**

Internal Job
ID:303721



GEORGE C BARTOL
MY COMMISSION
EXPIRES
APRIL 5, 2024
NOTARY PUBLIC
STATE OF DELAWARE

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Borgsmiller on behalf of Calvin Scott
Bar No. 24083821
susan@markkennedylaw.com
Envelope ID: 80065625
Filing Code Description: No Fee Documents
Filing Description: Affidavit of Process Server
Status as of 9/29/2023 9:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Calvin TreyScott | | trey@markkennedylaw.com | 9/28/2023 4:34:59 PM | SENT |
| Susan Borgsmiller | | susan@markkennedylaw.com | 9/28/2023 4:34:59 PM | SENT |
| Mark Kennedy | | markskennedylaw@msn.com | 9/28/2023 4:34:59 PM | SENT |
| Sheena Brewer | | sheena@markkennedylaw.com | 9/28/2023 4:34:59 PM | SENT |

Copy from re:SearchTX

10/13/2023 11:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 80570634
By: Brenda Espinoza
Filed: 10/13/2023 11:51 AM

CAUSE NO. 202345113          **Ex C-6**

| | | |
|---|---|---|
| RESOURCE HEALTH CARE, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | 215TH JUDICIAL DISTRICT |
| UNITEDHEALTH GROUP d/b/a | § | |
| UnitedHealthcare, | § | |
| | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## UNITEDHEALTH GROUP'S SPECIAL APPEARANCE

Defendant UnitedHealth Group Incorporated d/b/a UnitedHealthcare ("UHG") files its special appearance in response to Plaintiff's Verified First Amended Petition ("Petition"), pursuant to Tex. R. Civ. P. 120a, and states:

## I.  FACTUAL BACKGROUND

Plaintiff alleges UHG is a Delaware corporation with its principal place of business in Minnesota. [Petition, ¶ 3.] Plaintiff is a home support care agency and alleges that it entered into an agreement with UHG to provide Medicare and Medicaid services to UHG's beneficiaries. [Petition, ¶¶ 8, 14.] Plaintiff alleges that, in 2020, it terminated the agreement with respect to Medicare services but not Medicaid services. [Petition, ¶ 9.] Plaintiff alleges that UHG improperly terminated the agreement for Medicaid services and seeks payment for Medicaid claims thereafter. [Petition, ¶¶ 10-11.]

The only jurisdictional fact Plaintiff alleges is that UHG "engages in business in the State of Texas." [Petition, ¶ 3.] This is not sufficient to establish jurisdiction. Plaintiff has not attached the alleged agreement or termination letter to the Petition establishing that UHG is a party or signatory to the alleged agreement (it is not), that UHG terminated

the alleged agreement (it did not), or that UHG is an insurance company that issues or administers Medicare or Medicaid coverage (it does not). UHG is not subject to personal jurisdiction in Texas courts for the claims at issue in the lawsuit, and Plaintiff's claims against UHG should be dismissed.

## II. <u>ARGUMENTS & AUTHORITIES</u>

### A. <u>Personal Jurisdiction.</u>

A non-resident defendant is subject to personal jurisdiction in Texas if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction does not violate constitutional due process. *Kelly v. General Interior Const., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–74, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (discussing due process requirements.). The Texas long-arm statute authorizes the exercise of personal jurisdiction only to the extent allowed by the due process clause of the Fourteenth Amendment, therefore a defendant is subject to jurisdiction if the exercise of jurisdiction comports with federal due process. *Kelly*, 301 S.W.3d at 657; Tex. Civ. Prac. & Rem. Code Ann. § 17.041 *et seq.* (West 2012).

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct.

559, 62 L.Ed.2d 490 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction and those giving rise to specific jurisdiction. *Searcy v. Parex Resources, Inc.*, 496 S.W.3d 58 (Tex. 2016). General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic," such that the nonresident is "at home" in the forum state. *Id.*; *Daimler AG v. Bauman*, 134 S.Ct. 746, 751 (2014); *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific jurisdiction is appropriate where the nonresident "purposefully avails itself of conducting activities in the forum state," and "the cause of action arises from or is related to those activities." *Kelly*, 301 S.W.3d at 658.

The plaintiff has the burden of establishing personal jurisdiction. *Kelly v. General Interior Const., Inc.*, 301 S.W.3d 653 (Tex. 2010). When a plaintiff fails to allege that the defendant committed any wrongful acts in Texas, the defendant can defeat jurisdiction by showing it is not incorporated in Texas and does not have its principal place of business in Texas. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 791-92 (Tex. 2005).

## B.   UHG is Not Subject to General Jurisdiction in Texas.

The exercise of general jurisdiction over a foreign corporation is generally appropriate only where the entity is incorporated and where it has its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014); *Searcy v. Parex Resources, Inc.*, 496 S.W.3d 58 (Tex. 2016).  Even "continuous activity of some sort within a state is not enough to support the demand that the corporation be amenable to suits unrelated to

that activity." *Daimler AG*, 134 S. Ct. at 751 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945)). Further, a formulation that subjects a corporation to general jurisdiction in every state where it "engages in a substantial, continuous, and systematic course of business" is "unacceptably grasping." *Id.* at 761. The exercise of general jurisdiction is a "high bar," and even ownership of an in-state subsidiary is insufficient to create jurisdiction. *Searcy*, 496 S.W.3d at 72-73.

In this case, there is no basis for asserting general jurisdiction over UHG in Texas. Plaintiff concedes UHG is neither incorporated nor has its principal place of business in Texas. [Petition, ¶ 3.] UHG is not subject to general jurisdiction merely because it or its affiliates do business in Texas. *Daimler*, 134 S. Ct. at 751; *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 626-29 (2d Cir. 2016) (holding that a company was not subject to general jurisdiction merely because it was licensed to do business in a state); *American Ins. Co. v. R&Q Reinsurance Co.*, 2016 WL 5930589 at *2-3 (N.D. Cal. Oct. 12, 2016) (holding that an insurance company was not subject to general jurisdiction merely because it sold insurance in a state). There simply is no basis to subject UHG to general jurisdiction in Texas.

## C.   UHG is Not Subject to Specific Jurisdiction in Texas.

To establish specific jurisdiction, Plaintiff must show, among other things, that its claims arise out of UHG's activities in Texas. *Kelly*, 301 S.W.3d at 658; *Searcy*, 496 S.W.3d at 67-68. "[T]he mere fact that a defendant's conduct affected plaintiffs with connections to the forum state does not suffice to authorize jurisdiction." *Searcy*, 496 S.W.3d at 68. Specific jurisdiction cannot be based on "random, isolated, or fortuitous"

or of the "unilateral activity of another party or third person." *Michiana Easy Livin'*

*Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005).

In this case, Plaintiff cannot show that its causes of action arise from UHG's

contacts with Texas, or that UHG is a party or signatory to the alleged agreement (it is

not), terminated the alleged agreement (it did not), or is an insurance company that issues

or administers Medicare or Medicaid coverage (it does not).[1] Even assuming UHG

contracted with Plaintiff, this allegation, even if true (which it is not), would be

insufficient to establish the minimum contacts necessary for specific jurisdiction, because

simply contracting with another foreign corporation who does business in Texas is

insufficient to establish jurisdiction. *Id.* As the Fifth Circuit explained in *McFadin* in

holding that minimum contacts did not exist:

> It is clearly established that "merely contracting with a
> resident of the forum state does not establish minimum
> contacts." Jurisdiction must not be based on the fortuity of
> one party residing in the forum state. The McFadins rely on
> the fact that the contract created a ten-year sales
> representation relationship between the parties and that there
> were significant communications—including sales orders and
> commission payments—between Grenemyer in Colorado and
> the McFadins in Texas. In addition, the McFadins point to the
> sales by Grenemyer to Texas residents. These contacts are
> insufficient.

*McFadin*, 587 F.3d at 760. Accordingly, UHG is not subject to specific

jurisdiction in Texas.

---

[1] UHG is the ultimate parent company of, among others, subsidiary entities that issue or administer Medicaid and Medicare products.

**UNITEDHEALTH GROUP'S SPECIAL APPEARANCE**          **PAGE 5**

## III.  CONCLUSION

In view of the foregoing, UHG respectfully requests that the Court enter an order dismissing it from this litigation.

Dated: October 13, 2023                    Respectfully submitted,

                                           By:  /s/Andrew G. Jubinsky
                                                Andrew G. Jubinsky
                                                State Bar No. 11043000
                                                andy.jubinsky@figdav.com
                                                Saheli Chakrabarty
                                                State Bar No. 24103778
                                                saheli.chakrabarty@figdav.com

                                           **FIGARI + DAVENPORT, LLP**
                                           901 Main Street, Suite 3400
                                           Dallas, Texas 75202
                                           T: (214) 939-2000
                                           F: (214) 939-2090

                                           **ATTORNEYS FOR DEFENDANT**
                                           *Tex. R. Civ. P. 502.5(3) Statement:*
                                           *Defendant consents to email service through*
                                           *its counsel of record as identified above.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via efile.txcourts.gov on the parties listed below on October 13, 2023.

C. Trey Scott
trey@markkennedylaw.com
KENNEDY ATTORNEYS &
COUNSELORS AT LAW
12222 Merit Drive, Suite 1750
Dallas, Texas 75251

                                            /s/ Andrew G. Jubinsky
                                           Andrew G. Jubinsky

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Jubinsky
Bar No. 11043000
ajubinsk@figdav.com
Envelope ID: 80570634
Filing Code Description: No Fee Documents
Filing Description: UHG Special Appearance
Status as of 10/13/2023 12:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Andrew Jubinsky | | andy.jubinsky@figdav.com | 10/13/2023 11:51:37 AM | SENT |
| Calvin TreyScott | | trey@markkennedylaw.com | 10/13/2023 11:51:37 AM | SENT |
| Susan Borgsmiller | | susan@markkennedylaw.com | 10/13/2023 11:51:37 AM | SENT |
| Mark Kennedy | | markskennedylaw@msn.com | 10/13/2023 11:51:37 AM | SENT |
| Sheena Brewer | | sheena@markkennedylaw.com | 10/13/2023 11:51:37 AM | SENT |

1/25/2024 1:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83793312
By: Lewis John-Miller
Filed: 1/25/2024 1:12 PM

**CAUSE NO. 202345113**                          **Ex C-7**

| | | |
|---|---|---|
| RESOURCE HEALTH CARE INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| UNITED HEALTHCARE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| **Defendants,** | § | 215th JUDICIAL DISTRICT |

**PLAINTIFF'S VERIFIED SECOND AMENDED PETITION**

COMES NOW, Resource Health Care Inc., Plaintiff herein ("Resource" or "P1aintiff")
files its Verified Second Amended Petition complaining of Defendant United Healthcare
Insurance Company (the "Defendant" or "United Healthcare") actions, and inactions and in
support thereof respectfully shows the Court as follows:

**I.**

**DISCOVERY CONTROL PLAN**

1.      Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas
Rules of Civil Procedure unless discovery procedures are otherwise modified by a Court order or
agreement between the parties.

**II.**

**PARTIES**

2.      Plaintiff is a Texas Corporation with its principal place of business in Harris
County, Texas, and is located at 6464 Savoy, Suite 210-A, Houston, TX 77036.

3.      Defendant United Healthcare Insurance Company is a corporation with its
principal place of business at 185 Asylum Street, Hartford, Connecticut 06103. However,

1
PLAINTIFF'S VERIFIED SECOND AMENDED PETITION

Defendant has been and continues to conduct business in the State of Texas. Further, the actions in this lawsuit arise out of Defendant's conduct in the State of Texas.

**III.**

**JURISDICTION AND VENUE**

4.      Pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(l) and (a)(2), this Court has jurisdiction over all parties, and the proper venue is Harris County because a significant portion of the events took place in Harris, County.

**IV.**

**Claims for Relief**

5.      Plaintiff seeks monetary relief of $250,000 or less and non-monetary relief this Court deems appropriate.

**V.**

**Facts**

6.      Plaintiff is an in-home support care agency providing services in the patients' home with the goal of enabling the patient to remain at home.

7.      The services provided by Plaintiff may include personal care services such as hands-on assistance with activities of daily living (ADLs), e.g., eating bathing, dressing, and bladder and bowel requirements; homemaker services and instrumental activities of daily living (IADLs), e.g., taking medications, shopping for groceries, laundry, housekeeping, and companionship; and/or supervision or cuing so that a person can perform tasks themselves.

8.      Plaintiff originally entered into an agreement with Defendant to provide PAS services to its beneficiaries.

9.      In 2020, Plaintiff voluntarily terminated its agreement with Defendant to provide

2

PLAINTIFF'S VERIFIED SECOND AMENDED PETITION

Medicare services. Plaintiff wished to continue providing Medicaid services and informed Defendant that it was only terminating the Medicare agreement.

10.     Believing there was no issue with the Medicaid agreement between it and Defendant, between July 1, 2020 and November 30, 2020, Plaintiff submitted reimbursable claims to Defendant for Medicaid services. However, Plaintiff but was not paid for the services provided.

11.     After speaking with Defendant's agent, Plaintiff was informed the reason for the nonpayment was due to Plaintiff voluntarily terminating its Medicaid agreement. However, Plaintiff *only* terminated its Medicare agreement, not its Medicaid agreement. As such, Plaintiff is entitled to payment on the Medicaid claims submitted for payment.

12.     Plaintiff has attempted to resolve this matter outside of filing the lawsuit, but has been unable to do so.

## VI.

## CAUSES OF ACTION

### Count One:   Breach of Contract

13.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

14.     Defendant has breached and continues to breach the agreements entered into with Plaintiff for the payment of personal care services provided to Defendant's beneficiaries despite the services being provided.

15.     Defendants' conduct is the proximate cause of Plaintiff's losses.

16.     Plaintiff requests this Court require Defendant to pay Plaintiff for the costs of the outstanding services.

3

PLAINTIFF'S VERIFIED SECOND AMENDED PETITION

### Count Two:   Unjust Enrichment

17.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

18.     By failing to pay Plaintiff for the medical services provided to Defendant's beneficiaries, Defendant has been unjustly enriched. Under equitable remedies and quasicontractual recovery principles of unjust enrichment, Defendants owe Plaintiff damages.

19.     Defendants by their conduct, have been unjustly enriched.

### VII.

### DAMAGES

20.     Plaintiff realleges each and every allegation stated above and incorporates the same herein, as though set forth at length.

### General Damages:

21.     Plaintiff has been damaged as a result of Defendant's actions. Plaintiff has suffered damages that are directly and proximately related to the actions of Defendants that are no more than $250,000 pursuant to Tex. R. Civ. P. 47.

### Special Damages:     Lost Revenue, Lost Profits, Lost Value, Benefit of the Bargain

22.     Plaintiff has further suffered expectancy damages. Plaintiff has lost profit that could have been generated by activities had Defendant not breached its contract. Plaintiff has lost the difference in value the company would have been worth, had the contract been fulfilled. Plaintiff has further lost the benefit of the bargain it struck with Defendant. For these reasons, Plaintiff demands these expectancy damages.

PLAINTIFF'S VERIFIED SECOND AMENDED PETITION

## VII.

## **ATTORNEY FEES**

24.     Plaintiff seeks an award for reasonable and necessary attorneys' fees and court costs pursuant to applicable law in connection with this case, and any further relief, in law or equity, as the Court shall find to be equitable and just. Reasonable and necessary attorneys' fees may be awarded to Plaintiff under Tex. Civ. Prac. & Rem. Code §38.001 et seq., and any other grounds for attorneys' fees Plaintiff may have.

## X.

## **CONDITIONS PRECEDENT**

25.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XII.

## **PRAYER**

26.     For these reasons, Plaintiff asks that the Defendants be cited to appear to answer and, on the final trial, that Plaintiff be awarded judgment against defendants for the following

        a.  Actual damages & Expectancy Damages;

        b.  Prejudgment and post-judgment interest;

        c.  Attorneys' fees

        d.  Court Costs

        e.  Or all other relief to which Plaintiff is entitled.

PLAINTIFF'S VERIFIED SECOND AMENDED PETITION

Respectfully submitted,

**KENNEDY**
Attorneys and Counselors at Law

*/s/ C. Trey Scott*
MARK S. KENNEDY
State Bar of Texas No. 24000122
LURESE A. TERRELL
State Bar of Texas No. 24008139
C. TREY SCOTT
State Bar of Texas No. 24083821
12222 Merit Drive, Suite 1750
Dallas, TX 75251
Telephone: (214) 445-0740
Fax: (972) 661-9320
trey@markkennedylaw.com

**ATTORNEYS FOR PLAINTIFF**

6

PLAINTIFF'S VERIFIED SECOND AMENDED PETITION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was submitted and served on counsel for all parties through the Court's electronic services system, on this 25th day of January 2024.

/s/ C. Trey Scott
C. TREY SCOTT

7

PLAINTIFF'S VERIFIED SECOND AMENDED PETITION

CAUSE NO. 202345113

| | | |
|---|---|---|
| RESOURCE HEALTH CARE INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| UNITED HEALTHCARE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| **Defendants,** | § | 215th JUDICIAL DISTRICT |

## VERIFICATION

"I, Matthew Mba, declare from my personal knowledge that the following facts are true:

1.      I, Matthew Mba, am the Administrator of Resource Health Care, Inc.

2.      As Administrator, I have a thorough knowledge of the billing activities of Resource Health Care, Inc.

3.      Additionally, as Administrator, I have knowledge of the contracts and agreements entered into by Resource Health Care., Inc.

4.      I have read the Verified Second Amended Petition.

5.      The facts stated in that complaint are within my personal knowledge and are true and correct.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on December ___15___, 2023."

*Mba Matthew*

8
PLAINTIFF'S VERIFIED SECOND AMENDED PETITION

### Automated Certificate of eService
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Borgsmiller on behalf of Calvin Scott
Bar No. 24083821
susan@markkennedylaw.com
Envelope ID: 83793312
Filing Code Description: Amended Filing
Filing Description:
Status as of 1/25/2024 1:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Calvin TreyScott | | trey@markkennedylaw.com | 1/25/2024 1:12:34 PM | SENT |
| Susan Borgsmiller | | susan@markkennedylaw.com | 1/25/2024 1:12:34 PM | SENT |
| Mark Kennedy | | markskennedylaw@msn.com | 1/25/2024 1:12:34 PM | SENT |
| Andrew Jubinsky | | andy.jubinsky@figdav.com | 1/25/2024 1:12:34 PM | SENT |
| Sheena Brewer | | sheena@markkennedylaw.com | 1/25/2024 1:12:34 PM | SENT |
| Danna Wallls | | danna.walls@figdav.com | 1/25/2024 1:12:34 PM | SENT |

2/15/2024 11:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 84547935
By: Tammie Young
Filed: 2/15/2024 11:52 AM

CAUSE NO. 202345113

| | | | |
|---|---|---|---|
| RESOURCE HEALTH CARE INC., | § | IN THE DISTRICT COURT OF | **Ex C-8** |
| | § | | |
| *Plaintiff,* | § | | |
| v. | § | | |
| | § | HARRIS COUNTY, TEXAS | |
| UNITEDHEALTHCARE | § | | |
| INSURANCE COMPANY, | § | | |
| | § | | |
| *Defendant.* | § | 215TH JUDICIAL DISTRICT | |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

Defendant UnitedHealthcare Insurance Company ("UHIC") files this Original Answer to Plaintiff Resource Health Care Inc.'s ("Plaintiff") Verified Second Amended Petition ("Petition"), and states:

## I.  <u>GENERAL DENIAL</u>

Subject to such admissions and stipulations as may be made at or before the time of trial, UHIC denies generally and specially the material allegations contained in the Petition and demands strict proof thereof in accordance with the requirements of the laws of this State.

## II.  <u>PRAYER</u>

UHIC requests the following relief:

(a)    That Plaintiff take nothing by reason of its suit;

(b)    That UHIC be dismissed with its costs; and

(c)    That UHIC have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

---

Dated: February 15, 2024

Respectfully submitted,

By: _/s/ Saheli Chakrabarty_____
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Saheli Chakrabarty
    Texas Bar No. 24103778
    saheli.chakrabarty@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
T: (214) 939-2000
F: (214) 939-2090

**ATTORNEYS FOR DEFENDANT**
*Tex. R. Civ. P. 502.5(3) Statement:*
*Defendant consents to email service through*
*its counsel of record as identified above.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via efile.txcourts.gov on the parties listed below on February 15, 2024.

C. Trey Scott
trey@markkennedylaw.com
KENNEDY ATTORNEYS &
COUNSELORS AT LAW
12222 Merit Drive, Suite 1750
Dallas, Texas 75251
*Attorney for Plaintiff*

    _/s/ Saheli Chakrabarty_____
    Saheli Chakrabarty

---

DEFENDANT'S ORIGINAL ANSWER                    PAGE 2

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Diana Lawrence on behalf of Saheli Chakrabarty
Bar No. 24103778
diana.lawrence@figdav.com
Envelope ID: 84547935
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 2/15/2024 12:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Andrew Jubinsky | | andy.jubinsky@figdav.com | 2/15/2024 11:52:52 AM | SENT |
| Susan Borgsmiller | | susan@markkennedylaw.com | 2/15/2024 11:52:52 AM | SENT |
| Mark Kennedy | | markskennedylaw@msn.com | 2/15/2024 11:52:52 AM | SENT |
| Sheena Brewer | | sheena@markkennedylaw.com | 2/15/2024 11:52:52 AM | SENT |
| Danna Wallls | | danna.walls@figdav.com | 2/15/2024 11:52:52 AM | SENT |
| Diana Lawrence | | diana.lawrence@figdav.com | 2/15/2024 11:52:52 AM | SENT |
| Saheli Chakrabarty | | saheli.chakrabarty@figdav.com | 2/15/2024 11:52:52 AM | SENT |
| Calvin TreyScott | | trey@markkennedylaw.com | 2/15/2024 11:52:52 AM | ERROR |